IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CARL WINFIELD,<br><br>    Plaintiff,<br><br>v.<br><br>MATHEW FAIRBROTHER et al.,<br><br>    Defendants. | **MEMORANDUM DECISION &<br>ORDER TO CURE DEFICIENT<br>THIRD AMENDED COMPLAINT**<br><br>Case No. 2:19-CV-281-TC<br><br>District Judge Tena Campbell |

  Plaintiff, Carl Winfield, brings this *pro se* civil-rights action, *see* 42 U.S.C.S. § 1983 (2019),[1] *in forma pauperis*, *see* 28 id. § 1915. Having now screened the Third Amended Complaint, (Doc. No. 23), under its statutory review function,[2] the Court orders Plaintiff to file a fourth amended complaint to cure deficiencies before further pursuing claims.

---

[1]The federal statute creating a "civil action for deprivation of rights" reads, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . ., subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C.S. § 1983 (2019).

[2] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>  (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.S. § 1915A (2019).

# THIRD AMENDED COMPLAINT'S DEFICIENCIES

Third Amended Complaint:

• alleges possible constitutional violations resulting in injuries that appear to be prohibited by 42 U.S.C.S. § 1997e(e) (2019), which reads, "No Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of a physical injury or the commission of a sexual act."

• possibly shows confusion about how to state claim of failure to protect. (See below.)

• possibly asserts claims on the constitutional validity of his sentence, which should be brought in a habeas-corpus petition, not civil-rights complaint.

• asserts claims possibly invalidated by the rule in *Heck*. (See below.)

• improperly names "Adult Probation and Parole" as § 1983 defendant, though it is not an independent legal entity that can sue or be sued.

• has claims apparently regarding current confinement; however, complaint apparently not drafted with contract attorneys' help.

# GUIDANCE FOR PLAINTIFF

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

Pro se litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider these general points before filing an amended complaint:

(1) The revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of past complaints. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original). The amended complaint may also not be added to after it is filed without moving for amendment.[3]

(2) The complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 F. App'x 757, 759 (10th Cir. 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th

---

[3] The rule on amending a pleading reads:
    (a) Amendments Before Trial.
        (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
            (A) 21 days after serving it, or
            (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
        (2) Other Amendments. In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
Fed. R. Civ. P. 15.

Cir. 2008)). Plaintiff should also include, as much as possible, specific dates or at least estimates of when alleged constitutional violations occurred.

(3) Each cause of action, together with the facts and citations that directly support it, should be stated separately. Plaintiff should be as brief as possible while still using enough words to fully explain the "who," "what," "where," "when," and "why" of each claim.

(4) Plaintiff may not name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

(5) Grievance denial alone with no connection to "violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009).

(6) "No action shall be brought with respect to prison conditions under . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C.S. § 1997e(a) (2019). However, Plaintiff need not include grievance details in the complaint. Exhaustion of administrative remedies is an affirmative defense that must be raised by Defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

- **Failure to Protect**

Plaintiff should consider the following information as he considers an amended complaint:

> "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994) (internal quotation marks omitted). These claims include both an objective and a subjective component. *Estate of Booker v. Gomez*, 745 F.3d 429, 430 (10th Cir. 2014) (internal quotation marks omitted) (medical

4

> needs); *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996) (failure to protect).
>
> . . . .
>
> For the objective component of a failure-to-protect claim, the prisoner "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Riddle*, 83 F.3d at 1204 (internal quotation marks omitted). "A prisoner has a right to be reasonably protected from constant threats of violence . . . from other inmates." *Id.* (internal quotation marks omitted).
>
> For the subjective component . . ., the prisoner must present "evidence of the prison official's culpable state of mind. He must show that the prison official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Estate of Booker*, 745 F.3d at 430 (citation and internal quotation marks omitted) (medical needs); *see Riddle*, 83 F.3d at 1204 (failure to protect). "[T]he official must have been both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must have also drawn the inference." *Requena v. Roberts*, 893 F.3d 1195, 1215 (10th Cir. 2018) (brackets, ellipsis, and internal quotation marks omitted).
>
> In addition to the objective and subjective components of these Eighth Amendment claims, a § 1983 "plaintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citation omitted).

*Gray v. Sorrels*, 744 F. App'x 563, 568 (10th Cir. 2018) (unpublished)

### • *Heck*

Plaintiff's claims appear to include some allegations that if true may invalidate his conviction or sentence. "In *Heck*, the Supreme Court explained that a § 1983 action that would impugn the validity of a plaintiff's [incarceration] cannot be maintained unless the [basis for incarceration] has been reversed on direct appeal or impaired by collateral proceedings." *Nichols v. Baer*, 315 F. App'x 738, 739 (10th Cir. 2009) (unpublished) (citing *Heck v. Humphrey*, 512

U.S. 477, 486-87 (1994)). *Heck* keeps litigants "from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." *Butler v. Compton*, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). *Heck* clarifies that "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." 512 U.S. at 486.

Plaintiff argues that his constitutional rights were breached in a way that may attack Petitioner's very imprisonment. *Heck* requires that, if a plaintiff requests § 1983 damages, this Court must decide whether judgment for the plaintiff would unavoidably imply that Plaintiff's incarceration is invalid. *Id.* at 487. Here, it appears it may on some claims. If this Court were to conclude that Plaintiff's constitutional rights were violated in a prejudicial manner, it would be stating that Plaintiff's incarceration was not valid. Thus, the involved claims "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* This has apparently not happened and may result in dismissal of such claims.

## PRELIMARY INJUNCTIVE RELIEF

The Court evaluates Plaintiff's motions for preliminary injunctive relief. On one hand, Plaintiff appears to merely be trying to expedite the relief he seeks in his complaint. This type of injunction is disfavored by the law. *See SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098-99 (10th Cir. 1991). On the other hand, Plaintiff raises issues and potential defendants not found in a complaint here and thus not brought under the Court's jurisdiction.

Further, Plaintiff has not specified adequate facts showing each of the four elements necessary to obtain a preliminary injunctive order:

> "(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm in the absence of the injunction; (3) proof that the

6

> threatened harm outweighs any damage the injunction may cause to the party opposing it; and (4) that the injunction, if issued, will not be adverse to the public interest."

*Brown v. Callahan*, 979 F. Supp. 1357, 1361 (D. Kan. 1997) (quoting *Kan. Health Care Ass'n v. Kan. Dep't of Soc. and Rehab. Servs.*, 31 F.3d 1536, 1542 (10th Cir. 1994)).

Preliminary injunctive relief is an extraordinary and drastic remedy to be granted only when the right to relief is "clear and unequivocal." *SCFC ILC, Inc.*, 936 F.2d at 1098. The Court has carefully reviewed Plaintiff's pleadings and motions for injunctive relief and concludes Plaintiff's claims do not rise to such an elevated level that an emergency injunction is warranted. In sum, Plaintiff has not met the heightened pleading standard required in moving for an emergency injunction.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff must within thirty days cure the Third Amended Complaint's deficiencies noted above by filing a document entitled, "Fourth Amended Complaint." All defendants and claims should be included in a fourth amended complaint, if filed, and will not be treated further by the Court unless properly included.

(2) The Clerk's Office shall mail Plaintiff the Pro Se Litigant Guide with a blank-form civil-rights complaint which Plaintiff must use if Plaintiff wishes to pursue an amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Plaintiff shall not try to serve Fourth Amended Complaint on Defendants; instead the Court will perform its screening function and determine itself whether the amended complaint warrants

service. No motion for service of process is needed. *See* 28 U.S.C.S. § 1915(d) (2019) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases.").

(5) THE COURT WILL NOT ACCEPT ANY FILINGS FROM PLAINTIFF EXCEPT FOR A FOURTH AMENDED COMPLAINT UNTIL FURTHER FILINGS ARE SPECIFICALLY INVITED BY THE COURT. The Clerk's Office is ordered to return to sender any attempted filing except for a fourth amended complaint until further notice by the Court. This is made necessary by the fact that Plaintiff has submitted numerous documents outside his complaints that may assert further defendants and issues to be considered by the Court. Plaintiff must focus and clarify his claims by keeping them within the corners of one document, labeled "Fourth Amended Complaint."

(6) Plaintiff's motions for preliminary injunctive relief are **DENIED**. (*See* Doc. Nos. 15 & 17.)

(7) Plaintiff's motion for extension of time to file exhibits to his complaint is **DENIED**. (Doc. No. 26.) The Court will consider the exhibits attached to Plaintiff's original complaint when needed. (Doc. No. 4.)

DATED this 13th day of November, 2019.

BY THE COURT:

*Tena Campbell*
JUDGE TENA CAMPBELL
United States District Court